```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

SUTIP KUNAJUKR, M.D.,
SUTIP KUNAJUKR, M.D., P.C.

      v.                 CIV. NO. 3:05CV01813 (JCH)

LAWRENCE & MEMORIAL
HOSPITAL, INC.,
ALAN BIER, M.D., and
HENRY AMDUR, M.D.

## RULING ON DISCOVERY MOTIONS: Plaintiff's Motion to Compel [Doc #'s 52, 53, 54, 55 and 56]

Plaintiff brings this action against Lawrence & Memorial Hospital (hereinafter "L&M"), Dr. Alan Bier and Dr. Henry Amdur alleging that L&M discriminated against the plaintiff and that Doctors Bier and Amdur maliciously participated in the peer review process that led to the termination of the plaintiff's employment and denial of hospital privileges.[1] Plaintiff's only federal claim is a Title VII claim in Count Sixteen, which alleges discrimination against plaintiff on the basis of national origin.

From January 31, 1990 until August 1, 1991, the plaintiff was a full-time employee of L&M hospital. In August of 1991, the plaintiff and L&M hospital entered into two contracts. The first contract created a part-time employment relationship wherein the plaintiff was to provide OB/GYN services to uninsured patients in exchange of a salary of $62,500, paid by L&M. The second contract was between L&M and the plaintiff's P.C. The second contract stated that L&M Hospital would provide support staff and space for the clinic at a cost of $500 to the P.C. and that the

---

[1] In the plaintiff's twenty count complaint, the plaintiff alleges two counts of breach of contract, two counts of breach of implied contract, two counts of breach of duty of act in good faith, two counts of breach of covenant of good faith and fair dealings, defamation, a violation of Connecticut Unfair Trade Practices Act (CUTPA), a Title VII violation, negligent infliction of emotional distress, intentional infliction of emotional distress, and tortious interference with advantageous business relations.

P.C. was responsible for providing OB/GYN services at the clinic. The plaintiff and L&M did business under the terms of these contracts from August 1, 1991 through May 29, 2003. Both contracts were for a one year term and were renewed once in writing and all other times through conduct of the parties.

In a letter dated May 29, 2003, the Hospital terminated the plaintiff's employment, effective May 31, 2003.[2] Plaintiff's termination came after L&M conducted a peer review assessment in which Doctors Bier and Amdur participated.

The plaintiff claims that the Hospital never intended to allow the plaintiff and his P.C. to have sole control and supervision of the clinic but rather L&M intended to control the plaintiff's practice through granting and denying hospital privileges.

Pending are plaintiff's five (5) Motions to Compel [**Doc.#'s 52, 53, 54, 55, and 56**]. Oral argument was held on September 28, 2007. After careful consideration and for the reasons that follow, plaintiff's motions, Doc. #'s 52, 53, and 55, are **GRANTED** in part and **DENIED** in part; plaintiff's motions to compel, Doc. #'s 54 and 56, are **DENIED.**

Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P.26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery.

---

[2] Plaintiff's hospital privileges were later terminated and his final appeal was denied on October 18, 2004.

*See* Daval Steel Prods. V. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

A.   **Doc. #52 Motion to Compel Responses from Alan Bier M.D. to Requests for Interrogatories**

Plaintiff's Interrogatory No.. 7 asks, "How many times you personally counsel[ed] Dr. Kunajukr and what are the dates?" [Doc. #52 at 7]. The defendants answered by reciting document numbers produced; however, defendants are reminded that if the response is complete, the answer should state that it is complete and set forth the reasons. This answer should conform to the requirements of D. Conn. L. Civ. R. 37(a)(1), and state with particularity the reasons and legal grounds for its claim for each of the listed documents.

Plaintiff's Interrogatory No.9 asks, "How many written and signed reports have you seen regarding complaints about the conduct of Dr. Kunajukr or the Kunajukr P.C.?" [Doc. #52 at 9]. The defendant did answer this question in his response by explaining, "...Bier saw numerous reports about Kunajukr's conduct. These reports may have not all have been signed but most would identify the person(s) who made the reports. Bier did not see any reports about the P.C." [Doc. #52 at 9]. Although, plaintiff may be dissatisfied with this response, this is a sufficient answer.

Interrogatories Nos. 15-20 all pertain to information given to or received from JACHO, or JACHO's grading and policies. At the discovery hearing, defense counsel stated, "JACHO does not set standards for peer reviews, they inspect on a tri-annual basis. It does not evaluate or monitor anything specific to individual physicians so it wouldn't show anything..." The plaintiff has not provided the court with any contradictory information. The Court finds that Interrogatories Nos. 15-20 are

not reasonably calculated to lead to admissible evidence.

Accordingly, plaintiff's motion to compel **[Doc. #52]** a further response to Interrogatory No. 7 is **GRANTED,** and the motion is **DENIED** as to Nos.9 and 15 through 20.

B.  **Doc. #53 Motion to Compel L&M Hospital and Dr. Alan Bier's Request for Production**

In Production Request No. 1, Plaintiff seeks information relating to Medicare and Medicaid Provider Agreements. Plaintiff argues that these documents are necessary to "form the basis upon which the defendant is required to comply with the Federal law including anti-discrimination statutes." [Doc.#53 at 1]. Defendants object to this request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  The court agrees that these documents are not reasonably calculated to lead to admissible evidence, and denies plaintiff's motion to compel [Doc. #53] Production Request No. 1.

Production Request No.2 seeks "copies of any and all documents concerning evidence pertaining or relating in any way to surveys of L&M Hospital conducted by JACHO from 1990 to the present." [Doc. #53 at 2]. The defense objects, claiming irrelevance and an overly broad scope.  The Court rules that Production Request No. 2 is irrelevant and is not reasonably calculated to lead to admissible evidence.  Plaintiff's motion to compel is denied.

Production Request No. 3 seeks copies of any and all documents regarding the furnishing of health care services to Medicare/Medicaid beneficiaries from 1990-present. Production Request No. 4 seeks any state or federal agency investigation which concerns the HCQII and EMTA for 1990-present. Defendant objects to both Production Requests Nos. 3 and 4.  The court agrees that the request is too broad since it seeks information concerning hospital employees who were not similarly situated to

4

Kunajukr regarding his staff privileges, position, and credentials.

Production Request No. 10 seeks copies of minutes of the Medical Executive Committee meetings from 1990 to present; Production Request No. 11 seeks copies of the minutes of medical staff meetings from 1990 to present. Both of these Production Requests were satisfied.[3]

Production Request No. 25 seeks all documents which relate to the "staff credentialing, appointment, and staff privileges of Dr. Henry Amdur and L&M from the date of his initial application for the privileges to the present." [Doc. #53 at 25]. Production Request No. 34 seeks a "list of all legal complaints and copies of such documents filed against L&M and/or its medical staff from 1990-present alleging medical negligence." [Doc. #53 at 34]. Production Request No. 35 seeks, "all documents...that pertain to L&M or medical staff's investigations regarding incompetent physicians...who were not in compliance with the Bylaws of the Medical Staff of L&M Hospital...from 1990 to present." [Doc. #53 at 35]. The Defense objects to all three Production Requests as overly broad because they "seek information concerning employees...not similarly situated to Kunajukr..."[Doc. #53 at 25, 34, and 35]. The Court agrees.

Production Request No. 40 seeks "copies of emails and computerized memoranda created, maintained, and/or reviewed by those employees of L&M Hospital...relating to the plaintiff's credentialing as a member of the medical staff at L&M Hospital...from 1990 to the present." Defendants object that this request seeks information protected from disclosure by peer review, attorney-client, and work-product privileges. The Court finds that these documents are potentially relevant as they pertain to plaintiff's credentialing. Defendants will either

---

[3] At oral argument, defense counsel indicated that pursuant to the protective order issued in this case, they produced the responsive documents on August 24, 2007.

produce documents responsive to this request or provide a privilege log of documents for those a privilege is asserted.

Requests for Production Nos. 50, 51, 62 and 77 seek various billing records for OB/GYN clinic services and physician employment contracts. All four Production Requests are DENIED, because the court finds the documents irrelevant and not reasonably calculated to lead to admissible evidence.

Request No. 79 seeks "any and all patient records involved with or the subject of any criticism concerning Dr. Kunajukr or his quality of care at any time from 1990 to present." [Doc. #53 at 79]. Defense objects to this request because it seeks confidential health information and information protected by the peer review process. The Court, however, grants plaintiff's motion to compel, and orders defendants to produce documents responsive to Request No. 79. The production shall be subject to an appropriate protective order and the documents will be returned to the hospital at the conclusion of this case.

With regard to Production Requests Nos. 80 and 82, as written, they both seek information that is overly broad. Production Request No. 80 seeks physician schedules for the OB/GYN clinic from 1990-present. At oral argument, both parties identified three doctors who were similarly situated, Dr. Hyatt, Dr. Amdur, and Dr. McKnight. The Court finds the information sought relevant as to these three doctors and orders defendants to comply with Production Request No. 80 as to these doctors only.[4]

Production Request No. 82 seeks "any and all delivery records..." As written the request is overly broad and the Court orders plaintiff's compliance as to Doctors Amdur, Hyatt, and McKnight only.[5]

Production Request No.83 seeks "copies of any and all

---

[4] Dr. Amdur is a named defendant.

[5] Responses to Production Requests 80, 82, and 83 will exclude patient identifying information.

records of cesarean sections and outcomes performed by physicians at L&M Hospital from 1990-present." This request is overly broad. The Court orders Defendant to produce these records for those similarly situated to the plaintiff, Dr. Hyatt, Dr. Amdur, and Dr. McKnight.

Production Request No. 84 seeks "copies of any and all records of disciplinary action taken regarding physicians at L&M Hospital from 1990 to the present." [Doc. #53 at 83]. This request is overly broad because it seeks records of every physician in L&M Hospital. The Court finds it appropriate to amend these requests to "copies of any and all records of disciplinary action taken regarding OB/GYN physicians at L&M Hospital from 1990 to the present."  As modified, the plaintiff's Motion to Compel responses to Production Requests Nos. 80, 82, 83 and 84 is GRANTED; no patient identifying information will be included.

Accordingly, the plaintiff's Motion to Compel **[Doc. #53]** is **GRANTED** as to Nos. 40, 79, 80, and 82-84 and **DENIED** as to Nos. 1-4, 10-11, 25, 34, 35, 50, 51, 62, 77.

## C. **Doc. #54 Motion to Compel L&M Hospital's Response to Request for Interrogatories**

Interrogatory No. 3 asks, "what records are maintained by L&M Hospital regarding its OBGYN Clinic from 1990-present...and as to each record state the information available...", with regard to a number of questions.  The Defendant provided a written response to Interrogatory No. 3 with citations to document production.  The Court sustains defendant's objection that the information sought is irrelevant to plaintiff's allegations as framed in the second amended complaint.

The response to Interrogatory No. 8 is sufficient.

Accordingly, the plaintiff's motion to compel responses for Interrogatory Nos. 3 and 8 **[Doc. #54]** is **DENIED**.

7

D. **Doc. #55 Motion to Compel Henry Amdur, M.D.'s reponse to Request for Production**

Plaintiff brings a Motion to Compel Dr. Amdur's Responses to Production Request Nos. 1-4 and 8, which seek receipts from Dr. Amdur's private practice, billing records from 1990 to the present, billing records from the OBGYN clinic from 1990 to the present, receipts to identify his income from private practice while working at the OB/GYN clinic from 1990 to present, and a copy of the Medicare and Medicaid Provider Agreement and all other related contracts. At the discovery hearing, the defendant argued, "Amdur's private practice billing is separate and his private practice records are not relevant." The court agrees and denies the motion to compel Production Requests Nos. 1-4 and 8.

In response to Production Request No. 9, Dr. Amdur indicated he has no documents. If defendant puts that response in writing, plaintiff's motion to compel a further response to Production Request No. 9 is denied.

Production Request 11 seeks production of information about Dr. Amdur's "medical staff credentialing, appointment, and staff privileges..." Because Dr. Amdur is a similarly situated OB/GYN physician, the Court finds this information relevant. It is not overly broad as it relates to only one doctor, Dr. Amdur. Therefore, the defendant will respond to Production Request No. 11.

Production Request No. 22 concerns the billing practices of the OB/GYN clinic and Dr. Amdur's private practice. Only the billing practices of the clinic are deemed relevant, not those from Dr. Amdur's private practice. Therefore, defendant will respond to Production Request No. 22 only as to the billing practices of the OB/GYN clinic.

Accordingly, plaintiff's motion to compel discovery [**Doc. #55**] is **GRANTED** as to Nos. 11 and 22 and **DENIED** as to Nos. 1-4 and 8-9.

E. **Doc. #56 Motion to Compel Henry Amdur, M.D.'s Request for Interrogatories**

Plaintiff's Motion to Compel Responses from Henry Amdur, M.D's, to Requests for Interrogatories **[Doc. #56]** seeks answers to Interrogatories Nos. 4-6, 10, and 13. Dr. Amdur has responded to all of the interrogatories. At the discovery hearing, counsel for Dr. Amdur stated that these questions were answered to the best of Dr. Amdur's ability. Although the plaintiff is dissatisfied, this does not invalidate the responses. The Court finds the answers sufficient.

Accordingly, the plaintiff's Motion to Compel [**Doc. #56**] is **DENIED**.

Compliance with discovery ordered by the Court shall be made within ten (10) days of the filing of this ruling and order. D. Conn. L. Civ. R. 37 (a)(5).

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 14th day of February 2008.

____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE