```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

|                              |   |                           |
|------------------------------|---|---------------------------|
| SUTIP KUNAJUKR, M.D.,        | : |                           |
|     v.                       | : | CIV. NO. 3:05CV01813 (JCH)|
| LAWRENCE & MEMORIAL          | : |                           |
| HOSPITAL, INC.,              | : |                           |
| ALAN BIER, M.D., and         | : |                           |
| HENRY AMDUR, M.D.            | : |                           |

<u>RECOMMENDED RULING ON PLAINTIFF'S MOTIONS</u>
<u>TO ADD PARTY DEFENDANTS [Doc ##'s 92,93,94,and 95]</u>

I.  **INTRODUCTION**

Plaintiff Sutip Kunajukr, M.D., appearing pro se, moves the court to add several individuals and entities as defendants in this lawsuit: Charles Rodney Pattan, M.D.; Deirdre Lapinski, RNC; The Greeley Company [Doc. #92]; Michael J. Eisner, Esq. [Doc. #93]; Nancy Valazquez, RN [Doc. #94]; Urania Magriples, M.D., and Yale University [Doc. #95].

Plaintiff has several claims pending in this action against Lawrence & Memorial Hospital (hereinafter "L&M"), Dr. Alan Bier("Dr. Bier") and Dr. Henry Amdur ("Dr. Amdur"), hereinafter collectively referred to as defendants, in which he alleges that L&M discriminated against the plaintiff and that Doctors Bier and Amdur maliciously participated in the peer review process that led to the termination of the plaintiff's employment and denial of hospital privileges.[1] Plaintiff's only federal claim is a Title VII

---
[1] In the plaintiff's twenty count complaint, the plaintiff alleges two counts of breach of contract, two counts of breach of

claim in Count Sixteen, which alleges discrimination against plaintiff on the basis of national origin.

**II. FACTS[2]**

From January 31, 1990 until August 1, 1991, the plaintiff was a full-time employee of L&M Hospital. In August of 1991, the plaintiff and L&M hospital entered into two contracts. The first contract created a part-time employment relationship wherein the plaintiff was to provide OB/GYN services to uninsured patients in exchange for a salary of $62,500, paid by L&M. The second contract was between L&M and the plaintiff's P.C. The second contract stated that L&M Hospital would provide support staff and space at the clinic at a cost of $500 per month to the P.C. and that the P.C. was responsible for providing OB/GYN services at the clinic. The plaintiff and L&M did business under the terms of these contracts from August 1, 1991 through May 29, 2003. Both contracts were for a one year term and were renewed once in writing and all other times through conduct of the parties.

In a letter dated May 29, 2003, the Hospital terminated the plaintiff's employment, effective May 31, 2003.[3] Plaintiff's

---

implied contract, two counts of breach of duty to act in good faith, two counts of breach of covenant of good faith and fair dealings, defamation, a violation of Connecticut Unfair Trade Practices Act (CUTPA), a Title VII violation, negligent infliction of emotional distress, intentional infliction of emotional distress, and tortious interference with advantageous business relations.

[2] The facts are taken from the Amended Complaint [Doc. #14].

[3] Plaintiff's hospital privileges were later terminated and his final appeal was denied on October 18, 2004.

termination came after L&M conducted a peer review assessment in which Doctors Bier and Amdur participated.

The plaintiff claims that the Hospital never intended to allow the plaintiff and his P.C. to have sole control and supervision of the clinic but rather L&M intended to control the plaintiff's practice through granting and denying hospital privileges.

### III. DISCUSSION

The defendants oppose Kunajukr's motions to add party defendants on the ground that it would unduly delay the litigation and resolution of this case and greatly prejudice each of the parties. <u>See</u> Def's Mem. in Opp. to Mot. to Add Party Def's ("Def's Memo. in Opp.") at 2 [Doc. #100]. Plaintiff filed this lawsuit in Connecticut Superior Court on October 28, 2005 and it was removed to Federal Court on November 23, 2005. The deadline for plaintiff to add new parties was March 1, 2006, and discovery, including depositions of fact witnesses, closed on October 31, 2007. <u>See</u> Revised Scheduling Order [Doc. #43]. On February 11, 2008, defendants filed an extensive motion for summary judgment [Doc. #73] on all of Dr. Kunajukr's causes of action contained in the amended complaint. This summary judgment motion is currently pending before the court [Doc. #73]; plaintiff filed his response on February 27, 2008 [Doc. #85].

Any newly added party defendants would need time to plead, and additional discovery would have to be conducted by all the parties including Dr. Kunajukr and defendants. Def's Memo. in

Opp. at 2-3. This would delay the Court's ability to rule on the pending motion for summary judgment and any trial that may take place.

Dr. Kunajukr has had more than ample time to attempt to bring these individuals and entities into this case. According to the four motions to add, Kunajukr has known each of the individual's and entity's alleged actions since before he filed this lawsuit.[4]

Plaintiff's untimely motions to add party defendants are unreasonable. In light of the age of the case and its progression to the summary judgment stage, the Court **DENIES** plaintiff's four motions to add party defendants.

**IV. CONCLUSION**

For the foregoing reasons, Kunajukr's Motions to Add Party Defendant's [Docs. ##92,93,94,and 95] are **DENIED.**

Any objections to this recommended ruling must be filed with the Clerk of the Court within ten (10) days of the receipt of this order. Failure to object within ten (10) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 2 of the Local

---

[4] Dr. Kunajukr did not file a proposed amended complaint with any of the four motions to add parties, nor has he stated within his four motions any causes of action against any of the seven individuals or entities. Kunajukr only makes vague references to "crimes" these individuals and entities either committed against him or should have prevented others from committing, and the need for them to be "prosecuted by the US Attorney for the Federal law they violated."

Rules for United States Magistrates; <u>Small v. Secretary of H.H.S.</u>, 892 F.2d 15 (2d Cir. 1989)(per curiam); <u>FDIC v. Hillcrest Assoc.</u>, 66 F.3d 566, 569 (2d Cir. 1995).

ENTERED at Bridgeport this 25th day of April 2008.

```
           ___/s/_____
           HOLLY B. FITZSIMMONS
           UNITED STATES MAGISTRATE JUDGE
```