UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  | : |  |
|---|---|---|
| SUTIP KUNAJUKR, M.D., | : | |
| | : | |
| v. | : | CIV. NO. 3:05CV01813 (JCH) |
| | : | |
| LAWRENCE & MEMORIAL | : | |
| HOSPITAL, INC., | : | |
| ALAN BIER, M.D., and | : | |
| HENRY AMDUR, M.D. | : | |
| | : | |

Ruling on Plaintiff's Motion for Modification of the Production
of Documents [Doc. #89]

Plaintiff brings this motion seeking production of
additional documents [Doc. #89] in response to the Court's
earlier Ruling on plaintiff's Motions to Compel [Doc.#80]. On
March 20, 2008, the Court held a telephone conference and many of
the requests were resolved by agreement of the parties.
Currently before the Court are Request Nos. 1 and 5.

Request No. 1 seeks "all the OB/GYN staff's last
reappointment applications, which include the risk management
files and the NPDB reports." Defendant objects to this request
and argues that this information is outside of the scope of the
plaintiff's initial motions to compel, which sought peer review
files. The peer review files contain patient chart information.
However, NPDB reports contain patient cases that have not been
subject to peer review. The Court agrees that this information
exceeds the scope of plaintiff's motions to compel and notes
that, as written, this request is overly broad. In the Court's
Ruling on Plaintiff's Motion to Compel [Doc. #80], defendant was
ordered to turn over Dr. Amdur's "medical staff credentialing,
appointment, and staff privileges [applications]..." The Court
found that Dr. Amdur is a similarly situated OB/GYN physician.
[Doc. #80]. In that ruling, the Court also identified Dr. Hyatt
and Dr. McKnight as similarly situated OB/GYN physicians.
Plaintiff's pro se request is modified and defendant is ordered
to turn over Dr. Hyatt's and Dr. McKnight's "medical staff

credentialing, appointment, and staff privileges [applications]..."  Any NPDB reports and risk management information that is not kept in the ordinary course of business with Dr. Amdur and Dr. McKnight's medical staff credentialing, appointment and staff privileges application files are properly excluded from production.

Request No. 5 seeks "all Dr. Amdur and Dr. McKnight's tax returns showing the corporate and person earnings to the present time in New London."  Defendant objects that this request goes beyond the scope of their clinic income, both doctors have a private practice separate from the clinic, and that information is irrelevant to this lawsuit.  The Court agrees.[1]

Compliance with discovery ordered by the Court shall be made within ten (10) days of the filing of this ruling and order. D. Conn. L. Civ. R. 37 (a)(5).  If there are confidentiality concerns with the production of these documents, the defendant may apply to the Court for a protective order.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. §636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 20th day of May 2008.


_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

---

[1]The Court denied this request as to Dr. Amdur in its ruling dated February 14, 2008 [Doc. #80].